FILED
SUPERIOR COURT
OF GUAM

2022 JUN 27 AM 10: 40

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0564-20 |
|---|---|
| vs. | **DECISION AND ORDER** *Defendant's Motion in Limine to Exclude Hearsay Statements and 403 Exclusion* |
| FRANK JAMES SAN NICOLAS, DOB: 06/21/1970 | |
| Defendant. | |

This matter came before the Honorable Arthur R. Barcinas on June 24, 2022, for a hearing on Defendant's Motion in Limine to Exclude Hearsay Statements and 403 Exclusion. Present at the hearing were: Defendant Frank San Nicolas ("Defendant") with Counsel Joaquin Arriola Jr., and Assistant Attorney General Richelle Y. Canto for the People. Having considered the arguments and the applicable law, the Court hereby **GRANTS** Defendant's Motion in Limine to Exclude Hearsay Statements and 403 Exclusion for all witnesses named in Defendant's Motion on the grounds that the evidence is (1) hearsay, (2) more prejudicial than it is probative, (3) more likely to confuse the jury, and (4) cumulative.

## BACKGROUND

This case arises from an Indictment returned by the grand jury on October 29, 2020, charging Defendant for the following: THIRD DEGREE CRIMINAL SEXUAL CONDUCT (As a Second Degree Felony), and FOURTH DEGREE CRIMINAL SEXUAL CONDUCT (As a Misdemeanor) 2 counts.

Jury Selection commenced on June 22, 2022, and a petite jury was selected and sworn in on June 23, 2022. That same day, Defendant filed a Motion in Limine to Exclude Hearsay Statements and 403 Exclusion, wherein he sought to exclude the following People's witnesses: Juanita Blaz, Francesca De Oro, Matthew Sablan, Katie McManus, Collette Palomo, and Jess Rojas (hereinafter "witnesses"). Def's Mot. in Lim. to Excl. Hearsay p. 1 (Jun. 23, 2022). The People filed their Opposition the morning of June 24, 2022, and the Court held a hearing on the Motion at 10 a.m. At the hearing Defendant briefly argued that the testimony of the witnesses were all hearsay and submitted on his brief. In turn, the People argued in opposition that the evidence is not hearsay because it is being offered for a reason other than the truth of the matter asserted. The People specifically argued that the evidence would be offered to prove the fact that the alleged victim (hereinafter "Victim") *disclosed* the alleged sexual assault to witnesses, and that the statements are admissible as prior consistent statements. People's Opp'n to Excl. Hearsay pp. 1-2 (Jun. 24, 2022). The People further argue that the evidence should be admitted for the purpose of proving Victim's demeanor when she made the disclosure to the witnesses. Min. Entry 10:56:48AM (Jun. 24, 2022). After hearing the arguments, the Court took the matter under advisement.

DISCUSSION

## I. RELEVANCE (GRE 401 & 402)

The Court's analysis of admissibility begins with whether the evidence is relevant. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *People v. Perez*, 2015 Guam 10 ¶ 40; quoting GRE 401. This threshold was intended to be minimally stringent. *Id., see United States v. Aranda-Diaz*, 31 F.Supp. 3d 1285, 1289 (D.N.M. 2014). Further, a fact is of consequence when its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict. *United States v. Begay*, 497 F. Supp.3d 1025, 1051 (D.N.M. 2020). Generally, all relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by the Organic Act, by the laws of Guam, by these Rules or other rules prescribed by the Supreme Court of Guam pursuant to statutory authority. Irrelevant evidence is not admissible. GRE 402. The question then becomes whether the witnesses' testimonies have the tendency to make the existence of any fact that Defendant committed the charges brought against him more or less probable than it would be without the evidence.

The Court finds the purported evidence does not offer anything more than what Victim will testify to herself when she takes the stand; therefore, the evidence is not relevant. However, in recognizing the minimally stringent standard of relevance and in the interest of a thorough analysis, the Court finds the evidence relevant at this stage of application.

## II. HEARSAY (GRE 801)

The next inquiry is whether the evidence survives the rule against hearsay such that it would be admissible. The GRE 801(c) defines hearsay and states:

"Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

*People v. Roten*, 2012 Guam 3 ¶ 16; citing GRE 801(c). Generally, if a statement is "hearsay," it is inadmissible at trial unless it falls into a known exception. *Id*; *see* GRE 802. However, "it is axiomatic that out-of-court statements that are presented for some purpose *other* than to prove "the truth of the matter asserted" may be admissible for that distinct and limited purpose. *Id.* at ¶ 18 (emphasis included).

### a. The Witnesses' Testimony is Hearsay

This analysis requires the Court to first determine whether the testimony of the witnesses is hearsay. Defendant argues that "to the extent these witnesses will be called to parrot the alleged victim's allegations to the jury over and over again, such testimony is inadmissible hearsay." Def's Mot. in Lim. to Excl. Hearsay p. 2 (Jun. 23, 2022). The People argue that the "testimonies from these witnesses *that the victim disclosed sexual assault by Defendant* is non-hearsay...Testimony that the victim made such statement—that Defendant sexually assaulted her—is not being offered to prove that the truth of the matter asserted. It is being offered to prove that the victim did disclose the sexual assault." People's Opp'n to Excl. Hearsay pp. 1-2 (Jun. 24, 2022).

The Court finds that the witnesses' testimony, to the extent that the testimony relates to or is an iteration of, "Victim told me that she was sexually assaulted by Defendant," and the details of such allegation, is hearsay because it is an out of court statement offered for the truth of the matter asserted—that Defendant [allegedly] sexually assaulted Victim. The Court acknowledges the People's intended use of the witnesses' testimony—to prove that a *disclosure* was made to the witnesses. However, the People may elicit the same testimony, that Victim made such disclosure to the witnesses, from the Victim herself. Therefore, not only is the

evidence inadmissible hearsay no matter how it is sliced, but it is also unnecessary because testimony about Victim making such a disclosure can come from the Victim herself. The Court now turns to consider the People argument that the evidence is offered to prove Victim's demeanor.

### b. The Hearsay Statement is Inevitable and Unavoidable

The People argue that the evidence should be admitted for the purpose of proving Victim's demeanor when she made the disclosure to the witnesses. Min. Entry 10:56:48AM (Jun. 24, 2022).The Court finds that such testimonies cannot be obtained without soliciting the hearsay statement itself, that is that the victim told the witness (out of court) that she was sexually assaulted. To ask the witness to describe Victim's demeanor without the necessary context, would only serve to confuse the jury, which the Court further addresses in its analysis below. In other words, the hearsay statement is inevitable and unavoidable. Even if the hearsay statement is not solicited from any of the witnesses on the People's direct examination, it may eventually come out during Defendant's cross examination. Therefore, the Court finds that the People cannot reach their intended purpose of the evidence that is to prove Victim's demeanor without first soliciting the hearsay statement itself from the witnesses. Therefore, while the hearsay statement is inevitable it is still inadmissible. The Court now turns to the People's argument that the evidence is a prior consistent statement.

### c. There is No Indication of Recent Fabrication that would Trigger the Prior Consistent Statement Exception to the Hearsay Rule

The People further argue that any details disclosed by the victim are admissible as prior consistent statements. People's Opp'n to Excl. Hearsay p. 2 (Jun. 24, 2022). Under GRE 801, prior consistent statements may, under circumstances, not fall within the definition of hearsay. *People v. Asper*, 2019 Guam 19 ¶ 13; *see* GRE 801(d)(1)(B). In *People v. Hall*, the Guam

Supreme Court held that for a statement to be admitted as a prior consistent statement under GRE 801(d)(1)(B), four requirements must be met:

> (1) The declarant must testify and be subject to cross-examination; (2) *there must be an express or implied charge of recent fabrication or improper influence or motive of the declarant's testimony*; (3) the proponent must offer a consistent statement that is consistent with the declarant's challenged in-court testimony; and (4) the prior consistent statement must be made prior to the time that the supposed motive to falsify arose.

*Asper*, 2019 Guam 19 ¶ 13 (emphasis added); citing *Hall*, 2004 Guam 12 ¶ 36. The application of this exception here turns on the second requirement—there must be an express or implied charge of recent fabrication or improper influence or motive of the declarant's testimony. As the current state of the case exists, there is no indication that there has been an "express or implied charge of recent fabrication or improper influence or motive of the declarant's testimony." *See Asper*, 2019 Guam 19 ¶ 13. Therefore, without the satisfaction of the second requirement, the prior consistent statement exception does not apply. As such, the hearsay statement is inadmissible.

## III. EXCLUSION OF RELEVANT EVIDENCE ON GROUNDS OF PREJUDICE, CONFUSION, OR WASTE OF TIME (GRE 403)

Assuming, *arguendo*, the Court admitted the witnesses' testimony despite it being hearsay, the evidence still does not overcome the GRE 403 balancing test. Traditionally, courts additionally examine whether the statements are both "relevant" and "not unduly prejudicial" when proffered under an alternative basis for admission." *Roten*, 2012 Guam 3 ¶ 18. Under GRE 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Perez*, 2015 Guam 10 ¶ 42; quoting GRE 403. "The term 'unfair prejudice,' as to a criminal

defendant, speaks to the capacity of some concededly relevant evidence to lure the fact finder into declaring guilt on a ground different from proof specific to the offense charged." *San Nicolas*, 2020 Guam 9 ¶ 13; citing *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

First, the Court finds that the evidence is more unfairly prejudicial than probative and it is cumulative. The volume of witnesses, here six (6) witnesses, unfairly prejudices Defendant because they jury may tend to give more weight to the People just based on the volume of witnesses even though the volume of witnesses is not dispositive of the strength of the case. Further, the evidence is cumulative because the six (6) witnesses will testify to the same or similar thing, and they serve the same purpose in the People's case in chief.

Second, the evidence will only serve to confuse the jury. To hear six witnesses testify to Victim's demeanor when she made the *disclosure* without providing the context of "why" Victim looked or did not look a certain way only serves to present six versions of disjointed evidence to the jury. Having found that the evidence is unfairly prejudicial, cumulative, and serves to confuse the jury, the Court holds that the witnesses' testimony does not survive the GRE 403 balancing test, and therefore is still inadmissible.

<u>CONCLUSION</u>

For the above reasons, the Court hereby **GRANTS** Defendant's Motion in Limine to Exclude Hearsay Statements and 403 Exclusion for all witnesses named in Defendant's Motion.

**IT IS SO ORDERED**     JUN 27 2022    .



**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**